IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

QINGDI ZHENG,

     Petitioner,

v.                                          No. 2:26-cv-00538-KG-LF

MARY DE ANDA YBARRA, et al.,

     Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Qingdi Zheng's Motion to Enforce, Doc. 12, and the Government's Response, Doc. 13. Petitioner argues that the bond hearing held after the Court's prior Order, Doc. 8, did not comply with the due process requirements set forth in that Order. After reviewing the parties' submissions and a digital audio recording ("DAR") of the proceeding, the Court denies the motion to enforce.[1]

### *I.*    *Background*

Petitioner is a 37-year-old Chinese citizen who entered the United States in 2023. Doc. 1 at 10. On December 2, 2025, Immigration and Customs Enforcement ("ICE") arrested Petitioner, and he remains detained at the Otero County Processing Center in New Mexico. *Id.* at 1.

Petitioner filed a Petition for a Writ of Habeas Corpus, Doc. 1, and the Court held that Petitioner's detention absent a bond hearing violated the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. Doc. 9 at 2, 5. On April 1, 2026, the

---

[1] The DAR of the Bond Hearing (April 3, 2026) is on file with the Court and lodged at Doc. 15 (the "Audio Recording").

Court ordered the Government to provide a bond hearing within seven days, at which it had the burden to justify her continued detention by clear and convincing evidence, or release him. *Id.* at 5.

An Immigration Judge ("IJ") presided over the hearing on April 3, 2026. *See* Doc. 13 at 1. During the hearing, the IJ explicitly stated that the Government "has to show danger to the community or flight risk." Audio Recording at 4:17. The Government argued that Petitioner was a "flight risk" because Petitioner "has no familial ties in the United States or any other known tie to the United States." *Id.* at 4:30, 4:55. The Government also argued that the relief Petitioner sought from the IJ is "speculative." *Id.* at 6:11. After questioning and hearing from Petitioner, the IJ found that he "is a flight risk" based on Petitioner's "manner of entry into the United States, [his] lack of United States ties and lack of information concerning [his] sponsor." *Id.* at 13:11. The IJ informed Petitioner of his right to appeal the bond order. *Id.* at 17:40. Petitioner moves to enforce the Court's prior order, arguing that the IJ did "failed to apply the appropriate burden of proof." Doc. 12 at 2. Petitioner "is not seeking review of the IJ's decision" but requests the Court "grant immediate release." *Id.* at 3.

## II.    *Analysis*

Petitioner's bond hearing satisfied the due process requirements set forth in this Court's prior order. Under ordinary circumstances, "the burden" at a 8 U.S.C. § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted. *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.). In granting Petitioner's habeas petition, however, this Court held that due process required shifting that burden to the Government. Doc. 9 at 5. Nothing in the record demonstrates that the IJ failed to apply the burden-shifting framework. To the contrary, the IJ acknowledged that DHS bore the burden of justifying detention, and the Government made

individualized arguments for Petitioner's continued detention.  *See* Audio Recording at 4:17.

This Court's jurisdiction does not extend to reconsidering the IJ's bond determination once those

procedures are followed.  A review of the bond determination is for the Board of Immigration

Appeals.

### III.    Conclusion

Petitioner's Motion to Enforce this Court's prior habeas Order, Doc. 12, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.